UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WHITE OAK REALTY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–4761** |
| **UNITED STATES ARMY CORP OF ENGINEERS, ET AL.** | **SECTION "H"(3)** |

### ORDER AND REASONS

Before the Court are Plaintiffs' Motion to Supplement the Administrative Record (Doc. 114) and Defendants' Motion to Strike Extra-Record Evidence and Leave for Supplemental Briefing (Doc. 143). For the following reasons, the Motions are DENIED.

### BACKGROUND

This is a civil action for declaratory and injunctive relief. The plaintiffs are White Oak Realty, LLC and Citrus Realty, LLC. The defendants are the United States Corps of Engineers (the "Corps") and various Corps employees. The dispute involves mitigation requirements imposed by the Corps on a tract of land in Southeast Louisiana ("Idlewood Stage 2") jointly owned by Plaintiffs.

In response to the devastation caused by Hurricanes Katrina and Rita, Congress authorized the Corps to undertake a series of projects collectively known as the Hurricane and Storm Damage Risk Reduction System ("HSDRRS"). One of these projects involves the use of soil and clay ("borrow material") to reinforce levees and floodwalls in the Gulf South. Under the applicable statutes and regulations, the Corps determines whether a particular location is a suitable source of borrow material and if so whether mitigation of losses to fish and wildlife is necessary.[1]

In October 2010, the Corps approved the use of borrow material from Idlewood Stage 2 but found that the excavation of borrow material from Idlewood Stage 2 would cause "unavoidable impacts" to the environment.[4] Accordingly, the Corps stated that if Idlewood Stage 2 were ultimately approved for HSDRRS projects, the landowner or contractor would be required to provide compensatory mitigation prior to excavation by purchasing credits from a mitigation bank. Despite Plaintiffs disagreement with the finding, the Corps reiterated its position that borrow material from Idlewood Stage 2 could not be excavated for use in HSDRRS projects until credits were purchased from a mitigation bank (the "Mitigation Requirement") in a final letter issued on February 20, 2013.

Plaintiffs filed this suit against the Corps and various Corps employees on June 10, 2013. In it, Plaintiffs contend, pursuant to the Administrative Procedure Act ("APA") that the Water Resource Development Act ("WRDA"), 33 U.S.C. § 2201 *et seq.*, does not authorize mitigation for Idlewood Stage 2 or alternatively that the WRDA does not authorize the Corps to mandate the purchase of mitigation credits as the sole form of compensatory mitigation.

---

[1] *See* 33 U.S.C. § 2283.

[4] *Id.* at p. 15.

Plaintiffs also allege that the Corps' decision amounts to an unconstitutional taking under the Takings Clause and violates substantive due process. On January 28, 2016, this Court granted in part Defendants' Motion for Judgment on the Pleadings, holding that jurisdiction exists over Plaintiffs' Takings Clause claim but dismissing Plaintiffs' Substantive Due Process Claim. Prior to the January 28 ruling, the parties had filed Cross-Motions for Summary Judgment and a Motion to Supplement the Record. Subsequent to the ruling, Defendants filed a Motion to Strike. Before this Court can address the cross-motions, it must decide the two remaining motions, which affect the contents of the administrative record.

## LAW AND ANALYSIS

**A. Defendant's Motion to Strike Extra-Record Evidence and Grant Leave to Amend or Supplement Summary Judgment Briefing**

On January 28, 2016, this Court entered a ruling on Defendants' Motion for Judgment on the Pleadings in which it held that this Court has jurisdiction over Plaintiffs' takings claim.[15] Defendants thereafter filed the instant Motion to Strike, stating that the Court's ruling changed the scope of its review of Plaintiffs' takings claim. Specifically, Defendants allege that the Court's ruling clarified that the jurisdictional basis for Plaintiffs' takings claim arose under the APA and thus consideration of that claim should be governed by the APA, which would limit review to the evidence in the administrative record and require application of the final agency review rule. Defendants therefore request that the extra-record evidence and arguments that Plaintiffs included in their summary judgment motion be stricken and that the parties be

---

[15] Doc. 142.

permitted to supplement briefing on their cross-motions regarding the takings claim.

Defendants' request is premised on an inaccurate reading of the Court's January 28, 2016 ruling. The Court did not base jurisdiction on the APA, but instead, based its finding of jurisdiction on the Supreme Court's holding in *Eastern Enterprises v. Apfel*.[16] The Court discussed the APA only as to the waiver of sovereign immunity. A waiver of sovereign immunity under the APA does not convert a constitutional claim into an APA claim. "[A]lthough [5 U.S.C.] § 702 is codified as part of the APA, this waiver is not limited to suits under the APA, but applies to any suit, including Constitutional claims."[17] The Fifth Circuit has held that § 702 waives immunity for claims seeking review under a non-APA statutory or non-statutory cause of action and that those claims are not subject to the APA requirements of 5 U.S.C. § 704.[18]

Defendant, however, disputes this long-held rule of law based on the Fifth Circuit's recent opinion in *Belle Co., LLC v. U.S. Army Corp of Engineers*, 761 F. 3d. 383 (5th Cir. 2014). Another section of this Court recently outlined the doctrinal confusion:

> The plaintiffs submit that the federal appellate courts, including the Fifth Circuit, appear to have unanimously embraced the rule that Section 702's waiver of sovereign immunity extends to all non-monetary claims against federal agencies and their officers sued in their official capacity, regardless of whether plaintiff seeks review of final agency action. Indeed, the Fifth Circuit recently reaffirmed this view, noting in *Alabama–Couschatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) that "[t]here is no requirement of 'finality' for this waiver to apply." The court in *Alabama–Couschatta Tribe* articulated a bifurcated analysis to determine whether the waiver

---

[16] 524 U.S. 4764 (1998); *see* Doc. 142.
[17] *Anderson v. Jackson*, No. 06 3298, 2007 WL 458232, at *11 (E.D. La. Feb. 6, 2007).
[18] *Alabama–Couschatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014).

4

attaches: The court noted that the APA provides a waiver for two types of claims: (1) claims seeking judicial review pursuant to the general APA provisions; and (2) claims seeking review under a separate statutory or non-statutory cause of action. 757 F.3d at 489. The former require "final agency action" under Section 704, while the latter claims only require "agency action" as defined by Section 551(13). *See id.*

However, to add to its doctrinal confusion, more recently, a different panel of the Fifth Circuit distinguished (indeed, questioned) *Alabama–Couschatta Tribe*. *See Belle Company, L.L.C. v. U.S. Army Corps of Engineers*, 761 F.3d 383 (5th Cir. 2014). *Belle* instructs that the Section 702 waiver does not apply to a constitutional claim absent a final agency decision. *Belle*, 761 F.3d at 395–96.[19]

The Court in *Alabama-Coushatta Tribe* based its holding on its prior rulings, dating back as far as 1980 in S*heenan v. Army & Air Force Exchange Services*, 619 F. 2d 1132 (5th Cir. 1980).[20] *Belle* did not clearly overrule this precedent. Accordingly, this Court elects to follow *Sheenan*, *Alabama-Coushatta Tribe*, and the opinions of the other circuit courts.[21] Therefore, the Court's January 28 ruling did not change the basis on which it must consider Plaintiffs' takings claim, and Defendants' Motion to Strike is denied.

---

[19] *Entergy Servs., Inc. v. U.S. Dep't of Labor*, No. 14-1524, 2014 WL 8507568, at *14 (E.D. La. Dec. 15, 2014).

[20] *Alabama–Couschatta Tribe of Tex.,* 757 F.3d at 488.

[21] *See, e.g.*, *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 672 (6th Cir. 2013) ("This Court has not previously addressed specifically the interplay between § 702 and § 704 of the APA. However, we now join all of our sister circuits who have done so in holding that § 702's waiver of sovereign immunity extends to all non-monetary claims against federal agencies and their officers sued in their official capacity, regardless of whether plaintiff seeks review of "agency action" or "final agency action" as set forth in § 704."); *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 775 (7th Cir. 2011); *Jaffee v. United States*, 592 F.2d 712, 719 (3d Cir. 1979).

### B. Plaintiff's Motion to Supplement the Administrative Record

Next, Plaintiffs ask this Court to supplement the Administrative Record with certain information they believe warrants inclusion. Specifically, Plaintiffs seek to include two documents (1) the Comprehensive Environmental Document ("CED") prepared by the Corps and (2) an e-mail that Defendants produced as part of the administrative record but failed to lodge with the Court.

"[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."[22] Therefore, "[s]upplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency."[23] The Fifth Circuit has stated that supplementation may be permitted when:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . .
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
> (3) the agency failed to explain administrative action so as to frustrate judicial review.[24]

The Court will consider each additional document that Plaintiffs seek to supplement in turn.

---

[22] *Luminant Generation Co. LLC v. U.S. E.P.A.*, 714 F.3d 841, 850 (5th Cir. 2013).
[23] *Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010).
[24] *Id.*

### *i.* *The CED*

The CED "is a document that explains the mitigation process and mitigation measures implemented during the HSDRRS construction."[25] The comprehensive document also explains the Corps's analysis of the environmental impacts of HSDRRS projects. Plaintiffs contend that although Defendants initially stated that they would not oppose the inclusion of the CED in the administrative record, they reversed this position at the eleventh hour after cross-motions had been filed, necessitating the late filing of the instant motion. Plaintiffs contend that although the CED was only in draft form at the time the Corps made the final decision at issue in this case, the final CED is substantially the same as its draft version, and the CED is therefore evidence that the Corps considered in making its decision. Plaintiffs contend that the CED meets every exception to the rule that review should be limited to the administrative record.

Defendants respond that while they did state that they would not oppose Plaintiffs' attempt to include the CED in the administrative record, they believed such would occur in a timely fashion, namely prior to the filing of motions for summary judgment. Defendants specifically told Plaintiffs that although they believe the record to be complete as it stands, they would "not object if Plaintiffs propose supplementing the relevant documents lodged with the Court."[26] Plaintiffs, however, never made such a request. Defendants argue that supplementing the record with the CED at this stage—after cross-motions for summary judgment have been filed—would be prejudicial. In drafting its motion for summary judgment, Defendants relied only on the record that had been submitted to the Court, which did not include the CED.

---

[25] Doc. 114.
[26] Doc. 114-4, p. 3.

Further, Defendants argue that the CED does not meet any of the exceptions to be included in the administrative record.

This Court agrees with Defendants that Plaintiffs' late attempt to supplement the administrative record is prejudicial. Defendants relied on the record as it was submitted to this Court in preparing their motion for summary judgment. Plaintiffs did not seek to supplement the record until cross-motions had been filed. Supplementation at this late hour would be prejudicial to Defendants, and Plaintiffs have offered no explanation why an earlier request was not made. Defendants' statements that they would not oppose such an addition did not work to automatically include the CED in the administrative record without such request to the Court. Further, this Court does not find that the Plaintiffs have demonstrated "unusual circumstances justifying a departure from the general presumption that review is limited to the record compiled by the agency."[27] Plaintiffs have not shown that the CED is adverse to the Defendants' decision or that the record is insufficient to explain the Corps's decision without it. Accordingly, this Court denies Plaintiffs' request to supplement the record with the CED.

    *ii.*    *Email*

Plaintiffs next seek to supplement the administrative record with an e-mail dated June 27, 2007 from David Walther of the U.S. Fish and Wildlife Service to Gibb Owen with the Corps. The email was produced as part of the administrative record by Defendants but was not lodged with this Court. It supplements an e-mail conversation that is already part of the Record. This request is denied for the reasons stated above. In addition, this email is not required to explain the Corps's actions or to understand the other documents contained in the record.

---

[27] *Id.*

## CONCLUSION

For the foregoing reasons, the Motions are DENIED.

New Orleans, Louisiana, this 2nd day of May, 2016.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**